IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-00024-BO-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PHYLLIS STALLINGS HARRELL | ) | |

The matter is before the court on the motion of defendant Phyllis Stallings Harrell ("Harrell") seeking a court recommendation regarding the length of Residential Reentry Center ("RRC") placement and/or home confinement. [D.E. 144]. For the reasons that follow, defendant's motion is denied.

## BACKGROUND

On November 14, 2013, Harrell pleaded guilty to one count of conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349. See [D.E. 57, 58]. The pre-sentence investigation report listed the statutory maximum term of imprisonment as 20 years and the guideline range between 87 months to 108 months. See [D.E. 75] at 13. After a downward departure from the guideline range, the court sentenced Harrell to 72 months imprisonment and three years of supervised release. See [D.E. 84, 85]. Harrell is now serving her sentence at Federal Prison Camp Alderson with an anticipated release date of September 21, 2019. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate name) (last visited October 4, 2018).

On April 16, 2018, Harrell filed pro se the instant motion requesting that the Court make a recommendation to the Bureau of Prisons that she be permitted to serve the final months of her term of imprisonment in either a Residential Reentry Center ("RRC"), also known as a halfway

house, and/or on home confinement. See Mot. [D.E. 144]. Harrell relies on the Second Chance Act, 18 U.S.C. § 3624(c)(1), as the basis of her motion. Id.

## DISCUSSION

> The Second Chance Act does not empower the court to reduce sentences or change the location of where a sentence is to be served. That authority remains vested in the Bureau of Prisons. The Second Chance Act expands the authority of the Bureau of Prisons to allow a prisoner serving a sentence of incarceration to spend up to twelve months in a half-way house so as to ease the transition from prison to freedom. Thus, the Second Chance Act grants expanded authority to the Bureau of Prisons regarding half-way house service, but does not vest the authority in this court.

United States v. Squire, No. CR 3:09-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012). Accordingly, the Court is without the authority to require the Bureau of Prisons to allow Harrell to serve any period of time in a residential reentry center or home confinement. Further, although Harrell correctly notes the court is not precluded from making a recommendation to the Bureau of Prisons regarding Harrell's placement, the court declines the invitation. See United States v. Shroyer, No. 2:17CR00003, 2017 WL 4684192, at *1 (W.D. Va. Oct. 18, 2017) (noting the BOP is in the best position to determine the appropriateness of a prisoner's halfway house placement).

## CONCLUSION

For the foregoing reasons, defendant Harrell's motion for a recommendation [D.E. 114] is DENIED.

SO ORDERED, this _4_ day of October, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2